UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDBOX LOGISTICS LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 3:16-CV-12 |
| VS. | § | CIVIL ACTION NO. 4:17-CV-589 |
| | § | |
| PROPPANT EXPRESS INVESTMENTS | § | |
| LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The plaintiffs (collectively, "Sandbox") have requested that the Court strike certain of the defendants' (collectively, "Grit") supplemental invalidity contentions and expert opinions (Dkt. 295). The Court has heard oral argument and received thorough briefing from the parties. Sandbox's requests are respectfully **DENIED**.

The challenged invalidity contentions and expert opinions are found in a supplemental report compiled by Grit's expert, Dr. Gary Wooley. Grit served the report on August 23, 2018, and Sandbox deposed Dr. Wooley on September 13, 2018.

### The invalidity contentions

Sandbox first contends that Dr. Wooley improperly asserted three previously undisclosed prior art references (the Wietgrefe, Hurst, and Luharuka patents) in his August 23, 2018 report. Grit takes the position that the supplementation of its invalidity contentions was proper under Southern District of Texas Local Patent Rule 3-6(c)(1), which, as relevant here, allows a party opposing a claim of patent infringement to amend its preliminary invalidity contentions when a party making a claim of patent infringement

amends its preliminary infringement contentions in response to the Court's claim construction order. Sandbox argues in response that Local Patent Rule 3-6(c)(1) requires any amended invalidity contentions to be "responsive to" the amended infringement contentions and that Grit's amended invalidity contentions are not sufficiently responsive to fall within the ambit of the rule (Dkt. 295 at p. 1).

There seems to be little authority—and none that is binding on this Court— addressing exactly how to evaluate whether amended invalidity contentions are responsive enough to amended infringement contentions to be permissible under Local Patent Rule 3-6(c)(1). It is not even clear that the amended invalidity contentions need to be responsive to the amended infringement contentions. The plain language of the rule does not include a responsiveness requirement, and the Court has found both well-reasoned authority imposing a responsiveness requirement and well-reasoned authority rejecting one.[1] *Compare Industrial Print Technologies, LLC v. O'Neil Data Systems, Inc.*, 2018 WL 398745, at *4 (N.D. Tex. Jan. 11, 2018) ("[T]here must be a nexus between the defendant's proposed amendments and the plaintiff's amendments.") *with Fresenius Medical Care Holdings, Inc. v. Baxter International, Inc.*, 2005 WL 2043047, at *1 (N.D. Cal. Aug. 24, 2005) ("To read such subjective requirements into the Patent Local Rules would cause an expansion of the type of motion practice that these Rules were intended to curtail.").

---

[1] The available authority consists of other districts' examinations of materially identical local patent rules. To the Court's knowledge, no judge in the Southern District of Texas has addressed the question of whether Local Patent Rule 3-6(c)(1) contains a responsiveness requirement.

Given the procedural history of this case and related proceedings and the unsettled state of the law interpreting Local Patent Rule 3-6(c)(1), the Court will allow Grit to amend its invalidity contentions because the record does not show that Grit's amendments will cause prejudice to Sandbox. Throughout this case, the Court has given the parties, all of whom are very ably represented, sufficient latitude to develop and present the facts and their contentions to the greatest extent possible within the boundaries of fairness and equity. With regard to the challenged amended invalidity contentions, Grit has cited and extensively discussed the Wietgrefe, Hurst, and Luharuka patents in a related inter partes review proceeding ("IPR") since, at the latest, March of 2018; and it served Dr. Wooley's supplemental report on Sandbox three weeks before Dr. Wooley's deposition. Irrespective of whether the amended invalidity contentions would satisfy a responsiveness requirement, the record does not show that allowing those amended contentions to stand would permit the sort of ambush litigation that the Local Patent Rules and the Federal Rules of Civil Procedure were designed to prevent.

**The expert opinions**

Sandbox also contends that Dr. Wooley improperly supplemented his opinions regarding the purported priority date of two prior art references (Harris '554 and Harris '809). Grit responds by arguing that Sandbox suddenly changed its position on the question of whether the Harris references constituted prior art, necessitating a supplemental report by Dr. Wooley to address what had previously been an undisputed issue.

The Court will allow the supplementation because the record does not show that the supplementation will cause prejudice to Sandbox. Under Federal Rule of Civil Procedure 37(c)(1), a party that fails in its disclosure obligations under Federal Rule of Civil Procedure 26 cannot use the undisclosed "information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Because this particular discovery matter is not unique to patent law, Fifth Circuit law governs, *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390–91 (Fed. Cir. 2003), and the Fifth Circuit leaves the question of whether a failure to disclose is substantially justified or harmless "to the district court's sound discretion." *Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 375 (5th Cir. 2004). Here, Grit served Dr. Wooley's supplemental report on Sandbox three weeks before Dr. Wooley's deposition; and the record reflects that, in the IPR proceeding in March of 2018, Grit presented opinions regarding the Harris priority dates that were identical to the opinions challenged here. Moreover, Dr. Wooley's original expert report extensively discusses the Harris patents as being prior art relevant to the patents at issue in this case. Sandbox received adequate information about Dr. Wooley's supplemental contentions soon enough to render harmless any failure by Grit to comply with Rule 26. *See Brennan's Inc.*, 376 F.3d at 375 (upholding the district court's decision to allow an expert to offer opinions at trial based on undisclosed supporting data when the opposing expert was already familiar with the data at issue); *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (cited in *Brennan's*) (upholding the district court's decision not to prevent the plaintiff from presenting evidence at trial

on a previously undisclosed theory of damages where the defendant knew the numbers on which the calculations were based).

Sandbox's request that the Court strike certain of Grit's supplemental invalidity contentions and expert opinions (Dkt. 295) is **DENIED**.

SIGNED at Galveston, Texas, on ___November 28___, 2018.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE